UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

KENNETH LYONS,                      )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )    Civ. No. 10-250-B-W
                                    )
MAINE, STATE OF, et al.,            )
                                    )
    Defendants                      )

**RECOMMENDED DECISION**

      Kenneth Lyons has brought suit against the State of Maine, "CHHS," and Acadia Hospital. Acadia Hospital has filed a motion to dismiss. (Doc. No. 10.) The basis of Lyons's lawsuit is that he went to Eastern Maine Medical Center seeking voluntary admission to Dorothea Dix Psychiatric Center and was told that he had to be admitted first to Acadia Hospital before he could be transferred to the other facility. He elected to enter Acadia and the next day he was transferred to the facility of his choice. According to a patient advocate for the Disability Rights Center, this procedure was a violation under the Rights of Recipients of Mental Health Services, a regulation promulgated by the State of Maine. I now recommend that the court dismiss Lyons's claim in its entirety.

**Motion to Dismiss Standard**

      Federal Rule of Civil Procedure Rule 12(b)(6) provides that a complaint can be dismissed for "failure to state a claim upon which relief can be granted." To decide a motion brought on this basis, the court accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a plausible basis for recovery. Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 320 (1st Cir. 2008). Because Kenneth Lyons is a *pro se*

litigant, his pleadings are to be liberally construed and may be interpreted in light of supplemental submissions, such as any response filed in opposition to the motion to dismiss. Wall v. Dion, 257 F. Supp. 2d 316, 318 (D. Me. 2003); Burns v. Town of Lamoine, 43 F. Supp. 2d 63, 68 (D. Me. 1999); Gray v. Poole, 275 F.3d 1113, 1115 (D.C. Cir. 2002). To properly allege a civil action in federal court, it is not enough merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which a defendant subjected the plaintiff to a harm for which the law affords a remedy. Ashcroft v. Iqbal, __U.S. __, 129 S. Ct. 1937, 1949 (2009).

## The Allegations

Based upon the Lyons complaint (Doc. No.1) and the accompanying exhibits (Doc. Nos. 1-1, 1-2 & 1-3), it appears that Lyons is suing Acadia Hospital and the State of Maine, Department of Health and Human Services. Lyons attached to his complaint a letter that Katherine Griffin, a patient advocate at the Disability Rights Center, sent to Ron Welch, Director of the Office of Adult Mental Health Services. (Doc. No. 1-2). The letter appears to summarize the gist of Lyons's complaint, at least as to Acadia Hospital.

According to that letter, on January 4, 2010, Lyons went to the Eastern Maine Medical Center seeking voluntary admission to Dorothea Dix Psychiatric Center. Lyons and his mother wanted him admitted to Dorothea Dix because he had been a patient there in the past and both mother and son felt comfortable with the treatment he had received. They were unsure of what medications he would receive at Acadia Hospital. Although Dorothea Dix had a bed available for Mr. Lyons, the "Acadia Consult" told Lyons and his mother that a direct admission to Dorothea Dix was not possible and he would have to be admitted to Acadia first. The following day he was discharged to Dorothea Dix and presumably received treatment there. According to

2

the patient advocate, this course of action was contrary to the Rights of Recipients of Mental Health Services[1] and the MaineCare Benefits Manual, Chapter I. The advocate requested that the State investigate this matter and make a determination that Lyons's rights were violated and that Acadia acted improperly and should be informed of that fact.

The second letter from the patient advocate to Lyons (Doc. No. 1-3) reveals that Tom Ward from the State's Department of Health and Human Services was assigned to investigate the complaint. According to Lyons, Tom Ward's investigation resulted in a finding in his favor, indicating that his rights were violated.[2] (Compl. ¶ 4, Doc. No. 1.) Lyons attended a meeting with the patient advocate, Ward, and Scott Kilcollins. At that meeting Ward made some inappropriate comments about someone buying Lyons a big screen TV and Lyons took offense to those comments. (Id. ¶ 6.) Additionally, Ward told Lyons he would have to take the matter to court to get a "cash/money settlement."

**Discussion**

As a preliminary manner, I note that the State of Maine has not been formally served with a copy of this complaint. The allegations are devoid of any content that would even remotely suggest that a cause of action has been stated against the State or any of its employees. At best, a complaint was made to the director of adult mental services and he caused an investigation to

---

[1] The Department adopted the Rights of Recipients of Mental Health Services regulation pursuant to 34-B M.R.S. § 3003(1). It provides that "recipients" (defined as "any person over age 18 receiving mental health treatment from any mental health facility, agency or program") have "the same human, civil and legal rights accorded all citizens." Code of Me. Rules 14-193-001 §§ A(II)(M), (A)(III)(A). The Rights of Recipients provides, among other rights, the right to have treatment in accordance with an individualized treatment plan that sets forth the requirements for treatment and discharge. 34-B M.R.S. § 3003(2)(B); Code of Me. R. 14-193-001 § B(III). See also Beauchene v. Dept. of Health and Human Servs., 2009 ME 24, ¶ 12, 965 A.2d 866, 870.

[2] Lyons's most recent supplemental response indicates that the State promised to send him a copy of this investigative report, but failed to do so. I accept as true for purposes of this motion that the investigative results were favorable to Lyons. I do not find that the fact of the alleged failure to provide him a copy of the report gives rise to an independent claim for money damages against the State of Maine, if Lyons intends by this allegation to somehow assert a claim against the State of Maine for failing to provide him a copy of report.

3

occur which resulted in a finding favorable to Lyons. At a subsequent meeting the investigator allegedly made some inappropriate comments about Lyons's attempts to obtain monetary compensation for these events. I can discern no constitutional or federal statutory violations in those allegations against the state entities named as defendants. In any event, under the Eleventh Amendment of the United States Constitution the State of Maine is immune against suits for money damages in this court. CHHS,[3] a state agency, is not a party amenable to suit in this court under 42 U.S.C. § 1983 because neither CHHS nor DHHS, nor for that matter the State of Maine, are "persons" within the meaning of section 1983. See Will v. Mich. State Police, 491 U.S. 58, 65-67, 71 (1989). If Lyons is seeking to sue the State and/or its agencies in federal court for violation of his federal rights, 42 U.S.C. § 1983 would be the vehicle he would have to use unless a specific federal statute governed the conduct and provided a private right of action under the circumstances. If Lyons is proceeding against the State exclusively under a state regulation, his remedy, if any, is in the state courts. I can identify no specific federal statute that would give Lyons a private right of action in these circumstances and Lyons does not suggest one in his pleadings. Thus, in my view any claim against the State of Maine must be summarily dismissed.

As for the claim against Acadia Hospital, its Motion to Dismiss (Doc. No. 10) succinctly explains why his federal suit cannot succeed against that entity. If Acadia Hospital had assisted in involuntarily committing Lyons to that facility, then it would be arguable that Acadia acted under color of state law to deprive Lyons of his liberty and it could be theoretically possible to state a claim under 42 U.S.C. § 1983. See Rockwell v. Cape Cod Hosp., 26 F.3d 254, 256 (1st

---

[3] I believe the party Lyons wants to sue is DHHS, the Department of Health and Human Services, but DHHS would also be an improper party under Will v. Michigan State Police.

Cir. 1994) ("There is no question that involuntary confinement for compulsory psychiatric treatment is a 'massive curtailment of liberty.'"); Bass v. Parkwood Hosp., 180 F.3d 234, 241 (5th Cir. 1999) ("Having been confined to a psychiatric ward against his will, [plaintiff] was unquestionably deprived of liberty"). However, Lyons's own pleadings tell a different story. (See Griffin Letter, Doc. No. 1-2: "The psychiatric evaluation conducted at the emergency room notes that Mr. Lyons was 'requesting voluntary admission' and '[did] not meet the criteria . . . for involuntary hospitalization.') Lyons's liberty interest was not infringed as a result of these events. Furthermore, as Acadia notes, its provision of treatment services to Lyons was provided pursuant to his voluntary submission to their requirement of an Acadia admission prior to transfer and, thus, was not done "under color" of any state law. Notwithstanding Lyons's conclusory allegations in the complaint, a claim for violation of *federal* rights pursuant to 42 U.S.C. § 1983 against Acadia Hospital is not set forth.

Acadia Hospital also briefs the issue of whether Lyons's claim might possibly state a claim under the Americans with Disabilities Act or perhaps the Rehabilitation Act. (Mot. to Dismiss at 6-8.) Lyons does not mention either federal statute in his pleadings and I think it would be a stretch to say that he has pled claims under either Act. Nevertheless, if the court believes that Lyons has attempted to make such a claim, for the reasons put forth by Acadia Hospital in its motion, Lyons has failed to state a claim under Title I, II, or III of the ADA. Based on his own allegations, he was not discriminated against by Acadia. They apparently treated him as they treat all others seeking admission through Eastern Maine Medical Center's procedures. Whether that procedure was contrary to state regulations regarding admission procedures for the mentally ill or resulted in the State of Maine being charged for additional services is not an issue that gives rise to a claim by Lyons under the ADA.

5

**Conclusion**

Based upon the foregoing I recommend that the court grant Acadia Hospital's motion to dismiss and dismiss this complaint as to both Acadia and the State of Maine and its agency.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

August 24, 2010